# IN RE GARRETT.

PATENTS; PRACTICE IN PATENT OFFICE; PATENTABILITY; AFFIDAVITS; LACK OF NOVELTY; UTILITY.

1. Where, on appeal to the Commissioner of Patents from a decision of the Examiners in Chief rejecting an application for a patent, a new and additional claim is suggested,—*Semble,* that the proper procedure is for the applicant to request that his application be remanded to the Examiner with leave to amend by inserting such claim as an additional one, or as a substitute for others.

2. Where, on appeal to the Commissioner of Patents from a decision of the Examiners-in-Chief rejecting an application for a patent, a new and additional claim is suggested by the applicant, but not acted upon by the Commissioner, this court, on an appeal from his decision, is not at liberty to pass upon such claim.

3. Where a change in the relative location of the various elements of an apparatus is nothing more than would suggest itself to a skilled mechanic having in view the conditions and conveniences of the different

places in which the construction and use of the apparatus may be desired, an application for a patent will be rejected.

4. General expressions of opinion in affidavits in support of a motion for a rehearing before the Commissioner of Patents, after a rejection by him of an application for a patent, in respect to the patentability of the device for which a patent is sought, are entitled to no weight.

5. Although the fact that a device has supplanted prior devices in the trade may turn the scale in favor of the existence of invention, where that question is in doubt, yet such fact has no weight where the want of patentable novelty is already reasonably clear. Utility is not novelty. (Following *Re Thomson*, 26 App. D. C. 419; *Durham* v. *Seymour*, 6 App. D. C. 78.)

No. 311.   Patent Appeals.   Submitted January 9, 1906.   Decided February 6, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. E. H. Fairbanks* for the appellant.

*Mr. John M. Coit* for the Commissioner.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents rejecting an application for an improvement in attachments for feed-water purifiers, containing the following claims:

"1. A water-purifying system comprising a source of water supply, a water motor, located on the ground floor of the apparatus a pipe leading from said source of supply to said motor, a discharge pipe leading upwardly from said water motor, an oscillating receiver located above said motor, said discharge pipe discharging thereunto, a container located above said receiver, a commingling tank also located on substantially the same floor level as said motor, a pump located on substantially the same

level as said commingling tank, a mixer in said commingling tank, mechanism for simultaneously imparting motion to said mixer and said pump from said motor, a discharge pipe leading from said pump to said container, a valve in said container and mechanism intermediate said valve and receiver.

"2. A water-purifying system comprising means for supplying water to be purified under pressure, a water motor located on the ground floor of the apparatus, an oscillating receiver located above said motor, a discharge pipe leading upward from said motor to said receiver, a commingling tank for said purifying solution located substantially on a level with said motor, a mixing device in said tank, a pump adjacent and connected to said tank, a discharge pipe leading from said pump to said container, a rotary shaft connected to said mixing device and said pump and an operative connection between said motor and said shaft.

"3. In a water-purifying system, the combination of a water motor located on the ground floor of the apparatus, a source of water supply located above said water motor, an oscillating receiver suitably supported and located above said motor, a discharge pipe leading from said pump into said container, a valve in said container, mechanism intermediate said receiver and valve for operating the latter simultaneously with the oscillation of the receiver, a mixer in said commingling tank, a shaft mounted above said mixer, connecting mechanism common to said mixer and shaft, and power transmission devices intermediate said shaft and motor.

"4. In a water-purifying system, the combination of a source of water supply 1, a motor 5, a pipe 2 leading from said source of water supply to said motor, an oscillating receiver 7 located above said motor, a discharge pipe 6 leading from said motor to said receiver, the latter being provided with a partition 10 forming chambers 8 and 9, a container 32 located above said receiver 7, an outlet from said container into said reservoir, a valve 15 controlling said outlet, mechanism common to said valve and receiver whereby the same are actuated in unison, a com-

mingling tank 26 located on the same floor level as said motor, a mixer 25 in said commingling tank, a shaft 24 having a beveled gear 23 operating said mixer, a pump 29 also located on the same floor level as said commingling tank and motor, a discharge pipe 30 leading from said pump into said container, a shaft 21 mounted in proximity to said commingling tank, a pulley 20 on said shaft, a gear 22 on said shaft and adapted to mesh with said gear 23, connections intermediate said pump and shaft 21, a pulley 20 on said shaft, a shaft 17 carrying a pulley 18 and a belt 19 common to said pulleys 18 and 20."

The application was rejected by the Examiner and by the Examiners-in-Chief on appeal, on references made to patent to Stillman August 21, 1900, No. 656,331, and patent to Davidson, December 2, 1902, No. 715,031. On appeal to the Commissioner a new claim was suggested for his consideration, but was not acted upon. By his nonaction the Commissioner seems not to have regarded this claim as properly presented. It is probable that, in order to have it passed upon, the applicant should have requested that his application be remanded to the Examiner with leave to amend by inserting said claim as an additional one, or as a substitute for others. It could then have been brought up in regular order.

The Commissioner, without noticing this claim, affirmed the decision of the Examiners-in-Chief rejecting the claims above set forth. Whatever practice should have been pursued in regard to the additional claim, which was neither considered nor rejected, we do not consider that we are at liberty to pass upon it on this appeal.

The appellant, Arthur S. Garrett, does not claim anything new in the elements of his combination. His contention is that by combining old elements, he has obtained a new and useful result showing invention. The distinguishing feature of his invention in combination is, as he says, the locating of the water reservoir above all the other parts of the apparatus, such as the motor, the commingling tank, and the pump, which are placed on the ground floor, so that the motor is actuated solely by the natural hydraulic head from the elevated reservoir.

We agree with the tribunals of the Patent Office that the patent to Davidson anticipates the invention claimed by the appellant.

The Examiner in his decision points out in detail the close resemblance between the Davidson combination and that of the appellant, and the same is concisely stated by the Examiners-in-Chief in the following extract from their decision:

"Substantially the only difference between the purifying apparatus of the present case and that of the Davidson patent involves the location of the pump, the commingling tank, and the shafting and gearing of the former at the floor level, instead of at a higher level as in the latter construction."

This conclusion is undoubtedly correct. The change in the relative location of the various elements of the apparatus is nothing more than would suggest itself to a skilled mechanic having in view the conditions and conveniences of the different places in which the construction and use of the apparatus may be desired.

The conditions of one place may render it desirable to locate the motor and commingling tank at a higher level as shown in Davidson's drawings, and those of another may suggest their location at the ground or floor level, as shown by the appellant.

The expediency of change of location thus suggested, it could readily be accomplished through ordinary mechanical skill.

The appellant contends further that his new arrangement of the various old elements permits the use of a hydraulic head for the operation of the motor, and renders the motor and commingling device more accessible as well as convenient and labor-saving in operation.

Without pausing to consider whether these advantages are also within the range of accomplishment by ordinary mechanical skill, it is sufficient to say that the apparatus of the Stillman patent for a water-feed purifier, though different in some material respects from that of the appellant, discloses the use of a hydraulic head, and the location of the motor, the commingling tank, and the operating gearing on the ground floor. With a

knowledge of this apparatus, it is clear that the change of location of the elements of the Davidson apparatus, as has been made by the appellant, did not amount to invention.

On a petition for rehearing before the Examiners-in-Chief the appellant presented his own, and the affidavits of two other persons tending to show the superiority of appellant's apparatus over those of Stillman and Davidson, and expressing the opinion that his involves invention by reason of its advantages. They also tend to show that several railway companies have adopted it, and that during the past year appellant has made installations for them involving approximately the cost of $20,000.

The general expressions of opinion in these affidavits in respect of the patentability of appellant's claims are entitled to no weight. As regards the advantages of his apparatus they deal more in conclusions than in fact, and fall far short of showing that it has displaced others generally by reason of its obvious superiority.

That fact, if it be established with certainty, is sometimes of weight in determining whether there has been an exercise of inventive talent, where the question of patentable novelty is in doubt, irrespective of the same. *Re Thomson,* 26 App. D. C. 419. That is to say, it has sometimes the weight to turn the scale in favor of the existence of invention in particular cases where that question is otherwise in doubt. On the other hand, it has no weight where the want of patentable novelty is already reasonably clear. Utility does not establish novelty. *Durham* v. *Seymour,* 6 App. D. C. 78, 92, and cases cited.

It follows that the decision of the Commissioner must be affirmed. It is so ordered, and that this decision and the proceedings in this court be certified to him as the law requires.

*Affirmed.*